United States District Court
Southern District of Texas
**ENTERED**
September 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONTREAIL DEAN DUNGY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00300 |
| | § | |
| JASON COX, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Montreail Dean Dungy, proceeding *pro se*, was a federal prisoner at the Federal Correctional Institution-Three Rivers in Three Rivers, Texas, at the time he filed his petition. In November 2020, he filed the present 28 U.S.C. § 2241 petition, alleging that the Federal Bureau of Prisons ("BOP") was required to apply additional good-time credit to his sentence. (D.E. 1). Respondent filed a construed motion for summary judgment, which Dungy responded to. (D.E. 19, 20, 22). While the case was pending, Dungy was released from prison and placed on supervised release. (*See* D.E. 18-1 at 28, 32-34). The undersigned ordered additional briefing regarding whether Dungy's release rendered his § 2241 petition moot under the relevant Fifth Circuit precedent. (D.E. 23). Respondent has filed additional briefing contending that Dungy's petition is now moot. (D.E. 24). For the reasons discussed further below, it is recommended that Dungy's petition (D.E. 1) be *sua sponte* DISMISSED AS MOOT and Respondent's construed motion for summary judgment (D.E. 19) be DENIED AS MOOT.

## I. BACKGROUND

### a. Petition

In November 2020, Dungy filed his § 2241 petition. (D.E. 1 at 1-4). Dungy, who was serving a 24-month revocation sentence at the time of his petition, contends that the BOP is required by federal statute to recalculate his original 210-month sentence to reflect a higher number of good-credit days. (*Id.* at 2-3). Dungy contends that the additional good-credit time should be applied to the time he will have to spend in a half-way house, in home confinement, or on supervised release, or alternatively should be applied to his current revocation sentence. (*Id.* at 3-4).

### b. Evidence

In February 2002, Dungy was convicted in the Northern District of Iowa of one count of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (D.E. 18-1 at 7). He was sentenced to 360 months' imprisonment and an additional 10 years of supervised release. (*Id.* at 8-9). His sentence was subsequently reduced to 262 months' imprisonment, and then reduced further to 210 months' imprisonment. (*Id.* at 19, 25). Dungy was released on January 27, 2017. (*Id.* at 29).

On October 9, 2019, the Northern District of Iowa revoked Dungy's supervised release and sentenced him to 24 months' imprisonment, in addition to a new term of 5 years of supervised release. (*Id.* at 32-34).

BOP records indicated that Dungy was projected to be released on May 22, 2021. (*Id.* at 28). The BOP website indicates that Dungy was actually released on June 1, 2021.[1]

## II. DISCUSSION

In the supplemental briefing, the Respondent contends that Dungy's petition is now moot because he has been released from prison and is now on supervised release. (D.E. 24 at 2-3). Respondent contends that, as in *Herndon v. Upton*, 958 F.3d 443 (5th Cir. 2021), there is no longer a live case or controversy for which this Court can grant any relief. (*Id.* at 3). Specifically, Respondent contends that, even if Dungy spent more time in prison than he should have, only the Northern District of Iowa has the authority to modify the terms of Dungy's supervised release. (*Id.* at 5-6).

Dungy has not filed supplemental briefing on this issue.

In *Herndon*, the petitioner was initially convicted in the Southern District of Florida. *Herndon*, 985 F.3d at 444. She subsequently filed a § 2241 petition in the Northern District of Texas, where she was incarcerated at the time, seeking additional credit against her sentence for time previously spent on home confinement. *Id.* at 445. While the petition was pending, she was released from prison and began a term of supervised release. The district court *sua sponte* dismissed her petition as moot because she was no longer incarcerated. *Id.* The Fifth Circuit affirmed the district court's dismissal, concluding that "there was no longer a live case or controversy for which any relief could be granted." *Id.* at 446. Herndon had not sought a modification of her supervised release, nor would a

---

[1] The federal offender database maintained by the Bureau of Prisons is available at: https://www.bop.gov/mobile/find_inmate/byname.jsp.

modification automatically follow. *Id.* The Fifth Circuit rejected the argument that the case was not moot because the petitioner's term of supervised release could still be modified or terminated by the sentencing court. *Id.* at 446-48. The Fifth Circuit stated that, absent a transfer of jurisdiction over a prisoner's term of supervised release, only the sentencing court had the authority to modify the terms of a prisoner's supervised release. *Id.* at 447. Because the petitioner was sentenced in the Southern District of Florida, the Northern District of Texas could offer no further relief in relation to the term of supervised release. *Id.*

Here, Dungy's petition is analogous to the petition at issue in *Herndon*. Dungy was sentenced in the Northern District of Iowa. (D.E. 18-1 at 7-9). He subsequently filed his § 2241 petition in this district, which was proper because he was incarcerated here at the time. (D.E. 1). However, while the petition was pending, Dungy was released from prison and began his term of supervised release. (D.E. 18-1 at 28, 32-34). To the extent that Dungy's petition sought to obtain an earlier release from prison, that remedy is now moot because he has already been released. *Herndon*, 985 F.3d at 445-46. To the extent that Dungy's petition sought to modify the terms of his supervised release, this Court can offer no further relief because it is not the sentencing court. *Id.* at 446-48. Dungy's petition implicitly recognizes that this is an issue for the sentencing court, as he briefly addresses the 18 U.S.C. § 3553(a) factors that a sentencing court must consider. (D.E. 1 at 3). However, this Court did not sentence him and has no authority to reconsider the § 3553(a) factors in place of the sentencing court.

4

## IV. RECOMMENDATION

Accordingly, it is recommended that Dungy's petition (D.E. 1) be *sua sponte* DISMISSED AS MOOT and Respondent's construed motion for summary judgment (D.E. 19) be DENIED AS MOOT.

Respectfully submitted on September 10, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).